# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DEMETRIOS A. DALACAS, ESQ., BAR
NO. 7317.

No. 78383

**FILED**

JUN 14 2019



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Demetrios A. Dalacas. Under the agreement, Dalacas admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.1 (meritorious claims and contentions), RPC 3.2 (expediting litigation), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.4 (misconduct). He agreed to a six-month-and-one-day suspension, stayed for two years, subject to certain conditions.

Dalacas admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes that Dalacas violated the above-listed rules by failing to effectuate service of process in multiple cases, leading to their dismissal, and then either falsely telling the client the case was still ongoing or failing to inform the client of the dismissal. It further establishes that Dalacas failed to properly supervise a nonlawyer assistant who gave inaccurate information to a client and a lienholder. The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev.*

19-25784

*v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Dalacas admitted to negligently engaging in a pattern of neglect and causing injury or potential injury to a client. Dalacas's clients were harmed by having their cases dismissed without their knowledge. The baseline sanction before considering aggravating or mitigating factors is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42(b) (Am. Bar Ass'n 2018) (providing that suspension is appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client"). The record supports the panel's finding of three aggravating factors (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and eight mitigating factors (absence of a dishonest or selfish motive, personal or emotional problems, a cooperative attitude toward the proceedings, character or reputation, physical disability, delay in disciplinary proceedings, remorse, and remoteness of prior offense). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Demetrios A. Dalacas from the practice of law for six months and one day from the date of this order, stayed for two years subject to the following conditions. Dalacas shall be on probation for two years from the date of this order and shall have no grievances resulting in actual discipline arising out of conduct post-dating

SUPREME COURT
OF
NEVADA

(O) 1947A

the conditional guilty plea agreement. Dalacas shall complete ten CLE credits during the first six months of his probation on the subjects of personal injury and/or civil procedure, and such credits shall be in addition to those required under SCR 210. The credits must be approved in advance by the State Bar. During the two-year probationary period, Dalacas shall meet with a mentor approved by the Office of Bar Counsel on a monthly basis to discuss his caseload, deadlines, and communications with clients. The mentor must agree to submit quarterly reports for the term of Dalacas's probation, which shall include the date of the monthly meetings, a status for all of Dalacas's open cases, and any concerns the mentor has regarding Dalacas. Finally, Dalacas shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Chair, Southern Nevada Disciplinary Board
     Mayfield, Gruber & Sheets
     Jeffrey S. Posin & Associates
     Bar Counsel, State Bar of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court